2-15-2036 Daniel Hites claims his defendant to be the Waubonsee Community College defendant-at-lease. Arguing on behalf of the defendant-at-lease, Attorney Mr. Gary Bruce. Also arguing on behalf of the defendant-at-lease, Attorney Mr. Reid P. Huffner. Arguing on behalf of the defendant-at-lease, Attorney Mrs. Pauline S. Betray. And it appears that council have worked out timing here so that we know what we're going to do. All right, then I guess it would be Mr. Rue up first. You may proceed. May it please the court. My name is Jeremy Rue and I represent the plaintiff appellant Daniel Hites in this case. Now the issue presented to this panel today is one of first impression in Illinois and it's a rather narrow issue. The issue being whether under FOIA a public body can store information on a public database and whether that information is considered a public record and subject to disclosure under FOIA. Now the lower court found that no, information stored on a public database is not a public record and not subject to disclosure. However, if the lower court's order stands, public bodies will effectively be able to store any information on a database and shield that information from disclosure under FOIA. Now today I'm going to focus on three points on why information on a database should be subject to disclosure and why we believe this panel should reverse the lower court. And the first is that the plain language of FOIA and the clear legislative intent under FOIA is that public records should be available to the public and that FOIA should be interpreted broadly. Second, I'm going to talk about some Illinois cases. While not directly on point, there are a few that are closely analogous and that are instructive to this current issue. And third, I'm going to talk about some federal cases that are directly on point and that can use persuasive authority and should guide this panel in determining the outcome of this case. And the reason we should consider the federal cases is what? Well, the Illinois Supreme Court has held that and the legislative intent of the drafters of FOIA have held that when there's a novel issue of the Illinois FOIA law, because Illinois FOIA was drafted and modeled after the federal FOIA, when a novel issue comes up, Illinois courts are instructed to look to federal courts that have addressed that same issue as guidance. And there are federal court cases that are directly on point. And for instance, some of the cases that we cite in our brief is Longview U.S. Department of Justice. It's a D.C. District Court case in 2006. And the facts are almost exactly the same as here. The requesters sought data from the U.S. Attorney's Database. It's a relational database. It's a type of database that's exactly the same as Waubonsie Community College. And the District Court explicitly held that the data fields within the public body's database were subject to disclosure under FOIA and were in fact public records and that the public body had to turn over the responsive, non-exempt information on that database. Another good example is the National Security Counselor's case, BCIA. It's a D.C. District Court case from 2012 that's also cited in our brief. And in that, the court held that public bodies may be required to turn over the entire contents of their databases because the information and data on a database is a public record and should be subject to disclosure, subject to the exemptions and other parts of the statute. Well, there are significant exemptions in 7, Section 7 or whatever. I'm not sure how we refer to it. But editing out or taking that information out because they are exemptions entails quite a bit of activity, doesn't it? Well, Your Honor, that's actually not the case. Relational databases, the reason they were built is to make pulling data and copying data out of a database, out of a large volume of data. The reason they were built is to make that an easy process. Now, the evidentiary hearing that occurred about a year ago, there was an expert that testified on behalf of Mr. Heitz. It was the only expert that testified. And he laid out the steps that were necessary to copy information from a database and then to essentially paste that into an Excel spreadsheet that would be provided. And so it might be instructive to go over what exactly Mr. Heitz is asking for, how Obamse stores that on their database, and then the steps necessary to take that off. Well, it would be quite burdensome, would it not, to do that and require creation of a new document, which would not, is not justified. And you're right, Your Honor. A public body is not required to create a new document. But it's important to know, it's a nuanced distinction, but it's important to know what Mr. Heitz is asking for and what he's not asking for. So Mr. Heitz is asking for copies of the underlying records for the data fields in the database. He's asking for copies such as zip codes of students that take a certain class. He's not asking for any exempt information. He's not asking for Social Security number names. And the way databases work is you can write a short query. If you're the database administrator, such as at Obamse, there's two IT people on staff that know the database and that can work and go to search for this information fairly quickly. And the evidence at the evidentiary hearing shows that it would take probably 10 to 15 minutes, if you're familiar with the database, to go to the database table, find where the zip code bucket is in that database, which is what Mr. Heitz is seeking, and then to write a 10 to 12-word query, which is what they do every day. It finds that, and then it just copies that into an Excel spreadsheet.  Your Honor, no, that's not a compilation of data, because the way the databases work is that you take a – and I'll use Obamse as an example. So you have a student registration form, which has the name, zip code, all that, and that goes into the database. And you take out the piece of information, and they're essentially already compiled by Obamse into buckets. So you have a – they're called tables in the database, but they're essentially buckets in the database. You have a zip code area. You have the names of everybody. And what Mr. Heitz is really seeking is that they go to that zip code bucket, find the zip codes that are related to a certain class, copy the existing zip codes that are in that area, and then provide him with copies of those zip codes. So I think of it as a spectrum, really. And one of the spectrum you have creation of new records is where it's probably an interrogatory-style FOIA request, where you're seeking information about the contents of a database. You're seeking information about the number of claims or a report about information in the database. On the other end of the spectrum, you have requests that seeks the actual data in the database. Now, this is actually something that the National Security Counselor's case explicitly talks about. There's a spectrum, and, you know, in the middle, there's some gray area, but you have two ends of the spectrum, creation of a new record and then actually seeking the actual records, which is what Mr. Heitz is doing. He's seeking copies. Well, request number four, for the total number of registered students at the Aurora campus. Isn't that, though, exactly what that case is talking about, the national security case, where that is a creation of a new record? And that is a good observation, Your Honor. Along with a few others, a couple of others. Yes. Yes, and that is correct. There are some requests that seek the number of some sorts of data. And to the extent that those are creating records, we've made clear to the college that if they don't want to create a new record, we essentially offer that as a way that it's easier to do it sometimes in a database. You can just as easily seek the number. But to the extent that's creation of a new record and the college does not want to do that because that's not a legal duty, Mr. Heitz is seeking the underlying records. But there are also requests in his FOIA requests that seek the underlying records themselves. So the underlying record, if I understand this correctly, would be, let's say, for example, if I'm registering for Waubonsie Community College and I fill out a registration form and that is scanned into a computer, that would be the underlying record. That is one form of record, Your Honor. That would be a PDF that's stored on your hard drive. But the way databases work is they strip data out of that PDF. They would take the zip code as one data point, and it stores it in all different places in the database, and they're related. That's why it's called a relational database because they're stored in these different buckets, and each bucket is related to one another. But at the end of the day, the information is compiled in a separate area within the database. Well, if you knew or if you were of the same position you are today that if the college didn't want to do it, we wouldn't ask them to, numbers 9 through 13 of the requests are all about total register, total register, total register, total out-of-district students. Those would all be creating new documents, would they not? If the college did not have a report that they create in the regular course of business, you are correct. That would be creation of a new record. And so to the extent that the college doesn't have a report like that, we've made clear to them, we're only seeking the underlying records that would be necessary to get that count. So it would be going into the database or to any other repository that would store this information and asking for the actual records. We'd essentially be asking for the stack of registration forms, but it would just be the zip code there. Well, the registration forms would not be, they would not be subject to FOIA, would they? The actual form with the Social Security number, with the addresses, not just zip codes with all the personal information that they would put on there? Well, the form would be subject to FOIA with the exemption that personally identifying information would be redacted out. The Supreme Court has held that you can redact out personally identifying information on a document and that the underlying information such as zip code and class can still be produced. And that gets into the undue burden of having to go through redacting, and that's not an issue on appeal. That was a determination by the lower court that we are not appealing. So the only issue on appeal is whether information on a database, which is the same exact information from the student registration paper forms, is considered a public record under FOIA. And we submit that it is because if information is not, if information on a database is not a public record, public bodies will have the perverse incentive to take student registration forms, put everything in a database, shred the registration forms, and they'll never be subject to FOIA. Now, there's actually an Illinois Supreme Court case that is strikingly similar. It's a 1989 case. It's the Hamer v. Wentz case that we say in our brief. And it is similar, and I think it provides good guidance to this set of facts, although it's not directly on point. Now, in that case, the requester was seeking information that a public body stored on computer tapes. And a computer tape is just another form of computer storage medium similar to a database, but relational databases really weren't in use in the 80s when this case occurred. And the Supreme Court held that the public body had to go and disclose the records on the computer tapes because they were non-exempt and they were responsive to the FOIA request. And thereby, it held that those had to be public records and subject to FOIA. Also, something to note is that the Supreme Court held that the public body had to write a computer program to go on that computer tape, find the responsive non-exempt information, and then copy it off of the computer tape and provide that to the requester, and that that was not the creation of a public record. But that was a totally, as you've already indicated, that's a totally different form of storage. It would not have been basically as simple as you are identifying the current request. Well, actually, searching on a relational database is much easier and less time-consuming than a computer tape. That's why we have relational databases nowadays, is because going on a computer tape, I'm not an expert in computer tapes, but I generally know that you have to read through the whole computer tape to pull everything off. With a relational database, you can really look up the table where the zip code table is, which is in a manual that's associated with the database, and the database administrator will know where that is. They look it up. They write a query to pull certain zip codes, and then copy and paste it in. The expert testimony at the trial court showed that it would take probably less than 15 minutes per request to do that. But what you wanted were zip codes of all people taking the National Safety Council's defensive driving course. So what you just said, you would put in some zip codes in the query, but what if you didn't put them all in because you're looking for all of them, and you're saying you can ask a query asking for 61036. What if that's not a relevant zip code to this request? Well, the way it would work is that you would go in, and so the IT staff at Waubonsie would be doing this query to search their records and then copy those records and provide them to Mr. Heights. What you would do essentially is you would say, I want to find zip codes associated with fields that say took class, the defensive driving class, for example. So you would actually search for all of the defensive driving class data points, data fields in the database, and those are related then back to zip codes at another location. So that's how you would then just get those responsive records that are on the database. All right. Now, there's another issue in your request going back to Numbers 9 through 13. Well, 13 would not be in there. You want them to go back to 1995. What is the basis for 1995 to 2008? Isn't that going to be a bit more difficult, especially if they didn't have a computer at that point or they didn't have this relational data positions? Yeah, and so we have made that request. If they don't have those records, then they don't have those records. But the testimony shows from that Venturi hearing is that Waubonsie College stores the vast majority, if not all of the information that your height is seeking, on their database already. So to the extent that it doesn't exist anymore or it never existed, well, then you are correct. We're not entitled to those because they'd have to create a record of some form to do that. But to the extent that those records already exist in their database, which the CIO of Waubonsie has already testified to, those are the records that we're seeking and that we know already exist. The Attorney General has also looked at FOIA in the context of databases. The In re. Michelson case is almost directly on point, although it's not binding authority. I feel like it's very persuasive. The Attorney General, well, the requester in that case sought data from voter registration records, which is a voter registration database here in the state of Illinois. And the Attorney General specifically stated, quote, It is undisputed that the database is a public record within the definition of that term. And further, FOIA requires that the database be made available for inspection and copying. That's exactly what Mr. Heitz here is seeking. He's seeking information that is kept in the ordinary course of business by Waubonsie on the databases. Go ahead and complete the question. Yeah, so he is seeking the actual records from the database and copies of those. We respectfully ask that this panel reverse the lower court and find that public information on a database is not, is a public record. Thank you. Ms. Petretti. May it please the Court, Paulette Petretti on behalf of Waubonsie Community College. Your Honors, we don't think this is a case of first impression because we think the Illinois courts have already dealt with the issue before the court. In Chicago Tribune versus Department of Professional Regulations and in Kenyon versus Garrows, the court addressed the specific information that's at issue here, which is the compilation information. And the court's questions have clearly zeroed in on Mr. Heitz's specific requests. And of the 13 requests, 7 of them basically ask for information that was found in some spot on the student registration forms. Now, we went into great depth at the hearing before Judge Aikman on that issue. And the student registration forms are very burdensome. There are thousands and thousands of them. And for the college to redact them, Judge came to the conclusion that would be overly burdensome. Those student registration forms are not scanned into the databases. Those forms, and we attached pictures of the boxes, they're in locked cages where these adult education records are kept. And they are stored in paper form. So in order to put them on the database, they would have to be scanned in, into some kind of searchable format. They're not in there. What is somewhere in the databases are bits of information that are on those forms, the name of the student and perhaps his address is in there. And when Mr. Felton, who is the IT director at New Monsey, was asked, well, is this information in your databases like a zip code? He said, yes, it's in there. But in order to get that information, you would have to create a program and compile the data in order to answer the questions. So seven of the requests entail raw data that's on the student registration forms, and the other six ask for totals, a compilation of data. Both the cases that I cited, Chicago Tribune and Kenyon, clearly have determined that under FOIA, a governmental body has no obligation to answer questions, to compile data. What FOIA was created for was to establish a policy to make public records accessible to the public. And in this case, Mr. Heights is not asking for public records. When he initially presented these requests to the college, the FOIA officer notified him, we don't aggregate this data. We do not have any records that include this data. And we've gone through this. I think Mr. Heights initially presented a FOIA request back in 2011, and Judge Aikman did go through some of the prior history. That first 2011 request was very similar to this, and the college had to go through the Public Access Council, because Mr. Heights did appeal to that. And essentially the PAC officer's determination was essentially the same as Judge Aikman's. She said, if you don't have a document, if you don't have a record that includes this, you don't have to produce it. And with regard to the student registration forms, if it's too burdensome, you also don't have to produce it. And that's essentially what Judge Aikman went through at the hearing. He looked at those two prongs and said, of these 13 requests, first of all, they don't have this aggregated data, and if you are going to try to redact those student registrations forms, it would be an unbelievably onerous task. Well, according to the expert that testified on behalf of Mr. Heights, and I can't pronounce this gentleman's last name, apparently he has identified a couple of relational databases within your system that some of this information could be garnered from. Why can't, and if that is true, and I don't think there was a great deal of, there was obviously argument about it, but assuming this is true, why can't that information be taken out? First, I'll address the veracity of it, and I think we did talk about it in our brief. There are a couple of different databases that were addressed. One was the DAISY database, and that is a state database, and it stands for, I have to, it's Data and Information System of Illinois, and that deals with the adult education records. It's a state database. It's not the college's database. And information is plugged into that, but the college can't manipulate it. And, in fact, the expert admitted on the stand that he would not get access because he's not a public, he's not a state employee. He wouldn't have access to that. And, in fact, our adult ed director, Jerry Dixon, testified she doesn't have direct access to it. In order to get a report off that database, she has to make a request to the state of Illinois, and she has never made a request to the state of Illinois. So that's the adult ed database. The second database that's relevant is the defense of driving, and that comes in from the court system. Kendall, Kane, and DuPage counties are the three counties, basically, that send information to the college because these are, as a result of people drunken driving or, you know, other driving issues, they have to take the driving course. And so that information is sent to the college, but, once again, it is not manipulated. And we said in our brief, and we attached one of the sample pages from the database that comes in from the state, in order to get the zip code, you'd have to redact all this information manually. The college could not do that. The college could produce the document, but the burden of taking out the exempt information would be difficult. Well, in fact, almost all of it is exempt except for the zip code. You've got a name, an address, a social security number. And we did attach that to our brief, so you can take a look at it. It's almost completely black except for where the zip codes would be. And the third database that was discussed was the banner, which is where all of the, I mean, probably millions of pieces of data from the college are stored. I mean, you've got all of the student information. You've got 25,000 students. You've got personnel information. They've got financial information, property information. I mean, all of the bits of information are in there. Well, if they didn't scan the, you said that they would have to, these applications would have to be scanned to create some of what's being requested. Well, how did the banner system or the banner database get this information? Banner doesn't have all of the information. But how did they get the information they have? You know, that is something, when a student comes in, it's probably input with their address, et cetera. But that is, it's not in the same form as on the student registration form. That doesn't exist except on paper copy. That exists in a paper copy form that's stored manually. But the banner system has, you know, bits of data. But those, our argument is that those bits of data are not public records. One of the arguments that Heights has is that every little bit of data, zip code, is a public record, which we vehemently oppose because a public record is something that's used in the ordinary course of business for the ordinary governmental functions. And the point of FOIA is that you have public records are accessible so that there's a transparency in government. Well, pulling a zip code out, there's nothing transparent about that. It has no meaning. It has no relevance. And so if you're going to pull out bits of data, that's not a public record. I mean, they have two alternative arguments. One is that every little bit of piece of information in the databases is a public record unto itself, which I don't see how you can possibly, you know, find that to be viable. And the second is that the complete banner is one public record, and they should be able to have access to that because that's what they were asking, for complete access to the database so that they could perform their own searches, which, of course, you can understand how that would compromise the confidentiality of the college. Well, why can't they provide, according to counsel, there are questions that can be asked that will take this data out. Why can't they provide a series of questions to you, or not you personally, but to Waubonsie, and that those questions be executed on the appropriate databases to get that information rather than handing in the database? Because, first of all, FOIA does not require that. It doesn't require that the college respond to questions. It's looking for public records. And answers to questions are not public records. I think you really face a danger here. But let me just, before we talk about the danger, wouldn't that be a reasonable alternative to tendering the entire database as the federal and the federal courts have contemplated and the Illinois Attorney General has contemplated? Well, the Attorney General case that was cited is completely distinguishable because that's about the Board of Elections. That goes to the election code, which under the code itself said that registration cards were public information. And that was what was at issue there, the registration cards. That's completely different here. That's a discrete item that the Illinois statute said was a public record. Here we're dealing with all sorts of confidential information on the database. But also, it's a complete distortion to have Mr. Heights ask all these questions and then compel the college to produce this. You're producing a record that was never used for anything. I mean, it completely, he can walk away and say, oh, look, this is a public record. It's not a public record. Well, it's not your use of the records. It's, I have no idea what he would like these records for, and it's not relevant now. Zip codes are public records, correct? Well, not public. I mean, I could do a phone book and look at them, so I guess that's pretty public. Correct, but the definition of public records under FOIA are that these are records that the government uses in the ordinary course of business. So you don't write grants, the college doesn't write grants or things of that nature using geographical information or age groups to get certain funding? You know, I'm not sure exactly what is required, but just those bits of data doesn't make that a public record. Just a zip code in and of itself is not a public record. You would agree that the student registration form is a public record, right? Yes, yes. So isn't the data contained on that form then a public record? No, no. The registration form, the document itself is a public record, but that zip code itself is not a public record. It's only within the context of the registration form. Well, doesn't that then allow Waubonsie or any other entity for that matter, let's say, take the hard copy registration forms, input all the data into their database, then destroy the form and say, whoops, sorry, we have no public records. No, I disagree with that, Your Honor, because if there are documents in the database, those the college would agree would be subject. You're saying it has to be a document within the database? Yes, because that's the record. You can't just take bits and pieces of information. But that actually goes back to my question then. If the document is not in the database, then there's no public record. No, Your Honor, the public, because you have paper records that are public records. If they're destroyed, which is what I said, if they're destroyed, then there's no public record. If that, it would require the college, using your logic, it would require the college to actually scan those documents in, every single one of them, or else there would be no public record if those documents are destroyed. Well, the registration form, if it was not scanned in in its entirety, then yes, that record would no longer be available. And there would be no public record is what you're saying then? Well, but there are other, there may be other public records that are on the database. For instance, you know, a list of names of students who took ESL. You know, that may be available. So you're saying that is a public record? If it's in a form that is, can be extracted from the database, sure, there are definitely records on the database, but what is being requested here are not records. These are compilations of data. That's what's being requested here. And the law is clear that under FOIA, the governmental body does not have to compile data. And so that's what is, what is being requested here are compilations. Isn't there a trade? Okay, sure. The governmental body doesn't have to, doesn't have to compile data. It doesn't have to scan, you know, the applications and so forth. If they choose to do so, though, isn't the tradeoff for storing that data digitally, then the fact that that data takes the place of the actual public record itself and is therefore subject to FOIA? Well, yes, but, I mean, that's not the situation here. I mean, that's a hypothetical. So, I mean, that's not the situation here. There are student registration forms that are available, and they're manually recorded, and they're audited every two years. So, I mean, that's the format that is used and that the state approves. So, I mean, these are state-run programs, and that's approved. Well, how does the audit take place? They come to the college, and they go through, not every single box, but, I mean, they go through the files themselves because they have to be in a particular order. All the forms have to be in a particular order. So the auditor comes, and they go through. And as a result of that audit, does Wabatsi get a report back, or does the report stay with the state entity? You know, I'm not sure exactly. If they got a report back, if Wabatsi got a report back, wouldn't that be a public record? But, yeah, that would not be, you know, responsive to this. Well, we don't know that because we haven't seen it. Yeah. But, I mean, we are responding to the requests that he made. And the one question that you asked before, Your Honor, about how easy it would be, the expert completely speculated as to the ease with which this information could be obtained. And the IT director testified at length about how it is not such an easy thing to write a query because, and this goes to a question that you had before, if you search for a particular zip code, for instance, even in relation to a student in one of these classes, you might have three or four zip codes that pop up because his school zip code may be in there, where he came from, his address, his parents' zip code. So somehow you'd have to define that and refine it so that you knew that what you were getting was actually responsive to this. And that was one of the things that he said. It's not just so simple as creating a question and pushing a button. You've got to test these things, and we did go through this at length in our brief, that it would take a lot of time. And there are only two programmers. Those programmers would have to be taken off the work that they do on a daily basis to do, to respond to this. And it would be an inordinate amount of time. So. All right. Any other questions? Thank you, Your Honor. Thank you. Is it Mr. Hafner or Huffner? Huffner. Huffner. Thank you, Your Honors. Now, first of all, just as a preliminary issue, as you've noticed, there are two types of requests here. One is for the underlying data, the zip codes, for example. The other is a high-level, one-level-removed type totals, you know, probably totals. We will concede those totals could be construed as a compilation. The whole reason we asked for those was to try to assist the Waubonsie in providing us the information we sought, because, as opposing counsel noted, my client's been looking for this stuff for four or five years now. So we're like, look, if you don't want to give us the underlying data, just give us a tally. So, yeah, to the extent that those total requests seek a compilation, we're totally fine with, you know, not getting that information. We can always request the underlying data, give us the zip codes, and we can count down to the last hundredth entry or something and figure out the total ourselves. That's a trivial issue. So those total requests really aren't an issue here. The real issue here is the zip code, for example, requests that are solely seeking the underlying data, the data that Waubonsie's chief officer, chief CIO, technology officer, conceded were all in the Banner system. There was talk about three different databases. That's really a red herring, because he conceded that the Banner system is in their control and has virtually everything. That's at C489, I believe. So how would that information be provided if we ordered it to be provided? Would it be on a list? Would 61036, which happens to be for Galena, that's why I'm using one not in the area, would it have after it's zero? I mean, would every single zip code in this state be identified, and then a number after it, like there were 100, 200, none? No, it would just be a straight data dump, basically. If you try to look at the database in its analog paper copy equivalency, the whole point of a relativity or a relational database, like the expert has worked with for 19 years on a daily basis, and like Waubonsie has conceded they have this relational database, basically there are these buckets or tables with specific information. The zip code table, for example, only has zip codes in it. And so if you look at each of those cells, what you're essentially looking at when you look at the first entry and it's 60126 or something, really what that could represent in a paper copy analog world would be the form from which that data was extracted with everything else on that form blacked out. And it's related to that form, but you only see that one little teeny piece of data. How does it get blacked out? How do the other pieces get blacked out? Because the relational database basically takes the 10 different pieces of information in that form and takes the zip code and puts that in one table, takes the name and puts it in another table, puts the class and puts that in another table. OK, but what are you going to get? So what we're getting is what we've asked for are, for example, zip codes associated with a certain class. So what they can do is they can write a 10 to 20 word query that takes anywhere from one minute to five minutes. Even based on their CIO, he conceded that it wouldn't take more than a day. And so basically what they could say is we want a list of all the zip codes that are related to this class field where this class field says XYZ class. And so basically it'll go through the class field table. And if the first entry says, yes, he took that class, it would take that zip code and export it to an Excel file. The next class, it doesn't match. So it's ignored. The next class, it's a match. So again, it's exported, copied and pasted into an Excel table. So at the end of the day. You're creating a document by doing that. And my other observation and question is how is a data dump, the term you used, a public record? Because if you look at the analog equivalent, basically what this copy and pasting of these Excel or the copy and pasting of these zip codes, what that essentially is. May I finish? OK. What this essentially is is basically a technological shortcut so that instead of having Rubansi take all of these thousands of paper copies and look through each document and say, OK, he wants the zip code, this field down here on this document, for each person who's taken XYZ class. Basically, instead of them having to go through every single of these thousands of papers and say, OK, this has the class, we're going to redact out every single thing on this document except for the zip code and we'll put it down here. Here's another. Redact everything but the zip code and put it here. Basically, what that Excel export of all those zip codes is basically the electronic equivalency of these 100, 200, 10,000 paper documents that have, first of all, matched up with the class request and then been thoroughly redacted except for the one little teeny piece of information. Basically, we've saved Rubansi by asking for it in database format all of the hours and time that the lower court said was an undue burden and we've removed that burden. We're asking for the exact same information but without the burden. But you're not going to get the piece of paper that has the redactions. You're going to get a list or you're going to get one piece of paper per zip code. Isn't that creating a document? No, no more so than what the Supreme Court has ruled is not creation of a new record. For example, in Bowie, when it said you had to mask and scramble ACT scores, standardized testing scores, they had to scramble up these records to make sure they couldn't go down alphabetically and say, OK, the fourth person is Joe Smith. It's the information that can't be created. It's not necessarily a record that can't be created in the sense that it has to be the exact record as it stands. It's the information. That is the record that can't be created. If the information exists, if the zip code exists, if the ACT score in Bowie exists, that is the public record. And whether they have to mask things, if they have to scramble up some things, if they have to copy and paste it into a new document, that isn't the creation of a record. That's just putting it in a form ready for production in response to the FOIA request. Is it a compilation? No, the compilation would be, for example, asking for that tally, right? The compilation would be analyzing the underlying data, not asking for the underlying data, but asking for them to give some new data which they don't possess. For example, the 100 zip codes, them saying there are 100 zip codes. But they don't possess the list for particular classes, presumably. They do. They have zip codes for particular classes. You mean to say, well, then why wouldn't they just produce the list of zip codes in a particular class? That doesn't exist is my understanding. The whole purpose of the relational database, though, is so that virtually any subset of data exists. They did this compilation when they created, when they inputted all of this data in a relational format. When they scanned or manually entered each piece of data from this form, when they entered in the name, the zip code, the class, the social security number. When they entered all of that information into the relational database and related those pieces of information together, that is when they essentially compiled that information along with all the other information in that database. So that now all they have to do is say, instead of going through all these forms manually, they say, I want for class X the zip codes of every person who's taken class X. And it almost instantaneously gives you the electronic equivalent of collating and culling through all these thousands and thousands of forms and providing virtually a redacted version with only one little piece of data, the one piece of data on that form that we're asking for. I just have one more question. And that is, several times here you ask for, you use the words, the raw input for the city field, for the county code, for U.S. citizens and so forth. So by that, are you asking for a list of all of the different cities and the frequency, the number of times, let's say, Aurora is used in that list of cities? This is a good example of compilation versus the raw data, shall we say. If we were asking, give me a tally of how many students are coming from Aurora, how many students are coming from Geneva, how many students are coming from Elgin, and give me an output of 15 students, 25 students, 50 students, that would be, unless they already have that stuff, that information compiled and stored in the database somewhere, that, for example, would be compilation. If, however, the raw data is what we're seeking, which is basically telling the database, go through all of the classes, all of the database, and pull out every single zip code associated with class XYZ and just copy and paste that, that's the equivalent of, again, having a stack of forms with everything but the zip code redacted. And so you'll get zip code 1, 2, 3 in this paper, a different, this one has the same zip code 1, 2, 3. So you'll get an Excel spreadsheet, for example, with maybe zip code 1, 2, 3, 4, 5, 6 pasted in 50 different cells, and that would show you that essentially there were 50 different forms, 50 different students that came from that zip code. So there's no tallying, no compilation to be done. It's basically just an electronic representation of this stack of forms with each individual piece of data and nothing else. Anything else? No. All right, thank you. Thank you very much, Ernest. Thank you. All right, thank you, counsel, for your arguments today. They were certainly interesting. And we will take the matter under advisement, issue a decision in due course, and we now stand adjourned for today.